UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRELL PATRICK HUNTER,

        Petitioner,         Case No. 2:13-cv-84

v.         Honorable Robert Holmes Bell

ROBERT MULVANEY et al.,

        Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES[1]; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner's grounds for habeas corpus relief are not cognizable in an action under § 2241.

---

[1] The Rules Governing § 2254 Cases also apply to petitions filed under § 2241. *See* Rule 1(b), RULES GOVERNING § 2254 CASES.

**Factual Allegations**

Petitioner presently is incarcerated at the Marquette Branch Prison (MBP).  He pleaded guilty in the Genesee County Circuit Court to armed robbery, MICH. COMP. LAWS § 750.529, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b.  The trial court sentenced Petitioner on April 30, 2009, to prison terms of five to twenty-five years for the armed-robbery conviction, four to ten years for the felon-in-possession conviction and two years for the felony-firearm conviction.[2]  In his application for habeas corpus relief, Petitioner names the following Respondents: Security Threat Group (STG) Coordinator Robert Mulvaney, MBP Warden Robert Napel, Pugsley Correctional Facility (MPF) Inspector S. Meyers and MPF Lieutenant Unknown Pouliot.

Petitioner does not challenge his convictions or sentences.  Instead, Petitioner's application concerns his designation as an STG II member on October 2, 2012.  Petitioner claims that Respondents identified Petitioner as an STG II member for recruiting for the Vice Lords gang in prison.  (*See* Attach. to Pet., docket #1-2, Page ID##9, 10.)  Petitioner denied his affiliation with the Vice Lords gang but refused to sign the Michigan Department of Corrections (MDOC) STG Renunciation/Removal form.  After a hearing on October 18, 2012, and examining the statement of Inspector Meyers, the Classification Screen and the STG Member Identification form, the hearing officer classified Petitioner as an STG II member.  Petitioner was ultimately placed in administrative segregation.  (*See* MDOC Classification Hr'g Report, docket #1-2, Page ID#8.)  Petitioner then

---

[2]*See* MDOC's Offender Tracking Information System (viewed July 24, 2013) at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=723996.

requested a rehearing of his STG II member designation but was denied a rehearing on January 16, 2013.

Under MDOC Policy Directive 04.04.113 (effective Nov. 1, 2010), prisoners designated as STG I or STG II members are subject to numerous restrictions on their activities, as well as more limited contact with visitors and other prisoners. *See id.* at ¶¶ X-Z. A prisoner may request removal of the designation by renouncing membership in the STG and completing the STG Renunciation/Removal form. *Id.* at ¶ BB.

Because of his STG II member designation, Petitioner asserts that his security level was increased from level II to maximum security, he must eat in his cell, he has been denied participation in re-entry programs, he has only one hour a day for yard time, he is surrounded by gang members and prisoners with mental illnesses and he has a reduced chance of being paroled.

Petitioner contends that he was designated as an STG II member in violation of his Fourteenth Amendment due process rights. Petitioner does not list any requests for relief.

### Discussion

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 generally authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). Petitioner complains about his STG designation and its negative consequences, including his higher security classification and reduced privileges. Because Petitioner is challenging the conditions of his confinement, however, his petition is subject to dismissal. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that

he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). An inmate like Petitioner may, however, bring such claims under 42 U.S.C. § 1983. *Id.* (citing *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996)).

Petitioner argues that because he is challenging the execution of his sentence, he may bring an action pursuant to 28 U.S.C. § 2241. Petitioner cites *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006), *Woodall v. Fed. Bureau of Prison*, 432 F.3d 235, 237 (3rd Cir. 2005), and *Kellogg v. Shoemaker*, 46 F.3d 503, 507 n.3 (6th Cir. 1995), in support of his position. (Pet., docket #1, Page ID#5.)

In *Levine*, the Second Circuit held that a federal prisoner's challenge to his place of imprisonment, "including the differences in the manner and conditions of imprisonment (such as the degree of physical restriction and rules governing prisoners' activities)" are attacks on the execution of a sentence and are governed by 28 U.S.C. § 2241. *Levine*, 455 F.3d at 78. The *Levine* court also found that the Third Circuit reached the same conclusion in *Woodall*, 432 F.3d at 237. *See id.* Petitioner's reliance on the holdings in *Levine* and *Woodall* is misplaced. First, the decisions of the

Second and Third Circuits are not binding on this Court. Moreover, the prisoners in *Levine* and *Woodall* were *federal* prisoners, not state prisoners. In the Sixth Circuit, federal prisoners may bring actions challenging the execution of their sentence pursuant to 28 U.S.C. § 2241. However, § 2241 is not a vehicle for challenging prison conditions even for federal prisoners. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (§ 2241 is not used for challenging prison conditions for federal prisoners, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.). Also, 42 U.S.C. § 1983 is not available to federal prisoners because their custodians are not acting under color of state law. Instead, a federal prisoner must bring a conditions-of-confinement complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ayon v. Ne. Ohio Corr. Ctr.*, 478 F. App'x 999, 1000 (6th Cir. 2012) (district court properly construed a federal prisoner's § 1983 complaint under *Bivens*, 403 U.S. 388, when a federal actor allegedly violated the prisoner's federal constitutional rights). In his habeas action, Petitioner, a *state* prisoner, is contesting his STG II member designation and its negative consequences. He is complaining about his conditions of confinement. As a result, Petitioner must bring his action under 42 U.S.C. § 1983. *See Garza v. Homeland Sec.*, No. 1:12-cv-1417, 2013 WL 588948, at *1 (W.D. Mich. Feb. 11, 2013) (finding that a state prisoner contesting his STG designation should have brought his action under 42 U.S.C. § 1983 rather than 28 U.S.C. § 2241).

The footnote that Petitioner cites in *Kellogg* also fails to support Petitioner's argument for habeas corpus review under 28 U.S.C. § 2241. (Pet., docket #1, Page ID#5.) In that case, the Sixth Circuit noted that Ohio state prisoners may bring a habeas action for the

unconstitutional application of old Ohio parole procedures. *See Kellogg*, 46 F.3d at 503 n.3. Petitioner's action does not concern old parole procedures, much less Ohio parole procedures.

In summary, *Levine*, 455 F.3d at 78, *Woodall*, 432 F.3d at 237 and *Kellogg*, 46 F.3d at 507 n.3, fail to support Petitioner's argument for habeas corpus review under 28 U.S.C. § 2241. Because Petitioner is challenging the conditions of his confinement, his petition is subject to dismissal. Habeas corpus is not available to prisoners who are complaining only of their conditions of confinement or mistreatment during their legal incarceration. *See Martin*, 391 F.3d at 714; *Lutz*, 476 F. Supp. 2d at 718.

Although *pro se* litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d at 714 (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)). The Sixth Circuit has held that where, as here, the claims about the conditions of confinement are not cognizable in an action under § 2241, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action. *Martin*, 391 F.3d at 714. Accordingly, the Court will dismiss Petitioner's claims without prejudice.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a cognizable federal habeas claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: <u>August 20, 2013</u>                   <u>/s/ Robert Holmes Bell</u>
                                                                  ROBERT HOLMES BELL
                                                                  UNITED STATES DISTRICT JUDGE